## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY R. ROSE JR., | |
| Plaintiff, | Civil Action No. 15-1604 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| DR. GLORIA GERTZMAN, et al., | |
| Defendants. | |

Plaintiff Troy R. Rose Jr., a pretrial detainee currently confined at Essex County Correctional Facility in Newark, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied his application for *in forma pauperis* because "Plaintiff submitted a copy of his account statement that is completely blacked out and illegible, therefore it is impossible for the Court to review the statement to determine if Plaintiff is eligible for *in forma pauperis* status." (ECF No. 2 at 2.)

Presently before the Court is Plaintiff's second application for *in forma pauperis status*, which again contains a copy of an account statement that is blacked out and illegible. This Court regularly receives federal and state inmate account statements in connection with *in forma pauperis* applications. The overwhelming majority of account statements received by this Court are perfectly readable. The Court, therefore, cannot understand why Plaintiff has difficulty obtaining a legible copy of his account statement. If Plaintiff has valid reasons that prevent him from obtaining a readable account statement, Plaintiff may explain to the Court in writing.

**THEREFORE**, it is on this ___14___ day of ___January___, 2016;

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 071018, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified, readable six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that if Plaintiff has valid reasons why he cannot obtain a legible copy of his prison account statement, Plaintiff may submit to this Court a written letter explaining those reasons; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Claire C. Cecchi, U.S.D.J.