**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TROY R. ROSE JR., | : | |
| Plaintiff, | : | Civil Action No. 15-1604 (CCC) |
| v. | : | **MEMORANDUM ORDER** |
| DR. GLORIA GERTZMAN, *et al.*, | : | |
| Defendants. | : | |

Plaintiff Troy R. Rose, Jr. is proceeding, *in forma pauperis*, on a civil rights Complaint for relief under 42 U.S.C. § 1983. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Although Plaintiff declares that he is initiating an action under § 1983 (ECF No. 1 at 2), nowhere in the Complaint does Plaintiff allege that any defendant violated any of his rights guaranteed by the federal constitution and/or federal law.[1] Indeed, Plaintiff characterizes the Complaint as asserting claims of "medical malpractice, damages, negligent infl[i]ction of emotional distress, emotional disturbance, physical pain and anguish" (*id.* at 7 & 9), and states that his claims arises "out of the negligence and gross negligence" of the defendants (*id.* at 9). Plaintiff makes no mention of the Constitution or any federal law anywhere in the Complaint, other than

---

[1]   Section 1983 actions require a defendant that, under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

cursory references to § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (holding that a constitutional denial of proper medical services requires more than mere malpractice or negligence).

Accordingly, even though Plaintiff styles the Complaint as a § 1983 action, none of his claims actually implicates § 1983. Rather, Plaintiff's Complaint raises only state law claims. As Plaintiff has raised no federal claims, the Court does not have subject matter jurisdiction to adjudicate this case under 28 U.S.C. § 1331.

IT IS on this 31 day of May, 2016,

**ORDERED** that the Complaint is hereby **DISMISSED** without prejudice for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Order upon Petitioner by regular mail; and it is further

**ORDERED** that he Clerk and shall **CLOSE** the file on this matter.

CLAIRE C. CECCHI, U.S.D.J.